State, ex rel. Miller, v. Love, Collector of Jersey City.

---

STATE, EX REL. PETER MILLER, v. JAMES H. LOVE, COLLEC-TOR OF JERSEY CITY.

1. The effect of the "act to adjust unpaid assessments in Jersey City," approved March 20th, 1873, when proceedings under it are taken, is, to take away the right of the city to collect the assessments brought before the board; a new assessment is then to be made which supersedes and displaces the first.
2. Independent of the supplement to this act, approved March 27th, 1874, interest is chargeable on the revised assessments, only from their date or the time they take effect.

3. The act of March 27th, 1874, (*Laws of* 1874, *p.* 566,) is not retroactive ; it does not apply to cases brought before the board of revision and reported on prior to its passage.

On application for *mandamus.*

Argued at June Term, 1874, before Justices DALRIMPLE, DEPUE and VAN SYCKEL.

For the relator, *W. Brinkerhoff.*

For the defendant, *W. A. Lewis.*

The opinion of the court was delivered by

DALRIMPLE, J.    The decision of this case involves the consideration of the fourth section of the supplement to the act to incorporate the city of Bergen, (*Laws*, 1869, *p.* 1432,) the act entitled " an act to adjust unpaid assessments in Jersey City," approved March 26th, 1873, (*Laws*, 1873, *p.* 442,) and a supplement to the act last mentioned, approved March 27th, 1874, (*Laws*, 1874, *p.* 566.)

The question in litigation is, as to the rate of interest which a property holder is liable to pay on an assessment made against him for expenses of sewer in Bergen, in case the original assessment has been reduced by the board of revision, as provided by the act of 1873.

The first assessment against the prosecutor in this case was $443.28.    The board reduced it to $285.26.    The prosecutor thereupon, on the 5th of June, 1874, tendered to the collector of Jersey City the amount of the revised assessment, with interest at the rate of eight per centum per annum, from 26th February, then last past, which was the date of filing the new or revised assessment. The amount thus tendered was refused.    The application is for a writ of *mandamus*, requiring the collector to accept the amount of the re-assessment, if tendered with interest at the rate of eight per cent. per annum,

at any time within three years from the date of the confirmation of the original assessment.

Without reciting in detail the various provisions of the above mentioned acts which relate to the matter in controversy, it will only be necessary to state in brief the conclusions to which I have come.

The act of 1873, section 5, declares that the assessment as adjusted by the board of revision, shall be a new assessment. I, therefore, conclude that interest can only be charged upon it from its date, or from such time thereafter, as is specified in the supplement to the charter of Bergen, above referred to in the provisions therein contained, in respect to interest on unpaid assessments for expenses of sewers.

I do not think the act of 1874 is retroactive. It does not therefore apply to cases brought before the board of revision, and reported upon prior to its passage.

The effect of the act of 1873, is, when proceedings under it are taken to take away the right of the city to collect the assessments brought before the board, a new assessment is then to be made which supersedes and displaces the first. There would be a manifest incongruity under the circumstances of this case in requiring interest to be paid upon this assessment prior to the time when it had existence.

The prosecutor is, therefore, chargeable at present only with interest on the amount of the revised assessment from its date, or the time it took effect, at the rate of eight per cent. per annum, in accordance with the supplement of 1869 to charter of Bergen.

The result is, that the prosecutor is entitled to a *mandamus* in proper form, requiring the collector to accept the amount of the new assessment, with interest thereon at the rate of eight per cent. per annum.

Justices DEPUE and VAN SYCKEL concurred.